UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN C. DAWSON and
NATALIE J. DAWSON,
on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.                        CASE NO. 6:10-CV-1048-28GJK

NATIONAL ENTERPRISE
SYSTEMS, INC., and JOHN
DOES I - V,

        Defendants.
_____/

## CLASS ACTION COMPLAINT

1.    Plaintiffs Brian C. Dawson and Natalie J. Dawson, on behalf of themselves and all others similarly situated, allege that Defendants National Enterprise Systems, Inc. and John Does I-V violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), by failing in telephone messages left by Defendants for consumers (a) to meaningfully identify itself and (b) to state that the purpose of the call was to collect a debt or that the call was from a debt collector.

## I. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d). Venue in this District is proper because Plaintiffs reside here and Defendants placed telephone calls into this District.

## II. PARTIES

3. Plaintiff Brian C. Dawson (hereinafter "Mr. Dawson") is a natural person who, at all times relevant, resided in Seminole County, Florida.

4. Plaintiff Natalie J. Dawson (hereinafter "Mrs. Dawson") is a natural person who, at all times relevant, resided in Seminole County, Florida.

5. Plaintiffs Mr. and Mrs. Dawson are "consumers" as defined by 15 U.S.C. §1692a(3).

6. Defendant National Enterprise Systems, Inc. (hereinafter "NES") is an Ohio corporation and citizen of the State of Ohio with its principal place of business at 29125 Solon Road in Solon, Ohio 44139.

7. Defendant NES's registered agent in the State of Florida is C T Corporation System whose address is 1200 South Pine Island Road in Plantation, Florida 33324.

8. Plaintiffs also sue the person or persons who created, approved, directed, supervised, and/or participated in the collection practices that are the

2

subject of this litigation. The identity of these persons is known to Defendant NES but is not presently known to Plaintiffs. These Defendants are hereinafter referred to as Defendants John Does I, II, III. IV and V. (Defendants NES and John Does I - V are hereinafter collectively referred to as the "Defendants").

9. Defendants John Does I-V created, approved, directed, supervised, and/or participated in Defendant NES's collection practice of leaving telephone messages which fail to inform the consumer (a) of identify of Defendant NES and (b) that the purpose of the call was to collect a debt or that the call was from a debt collector.

10. Defendant John DOE IV is an employee of Defendant NES who used the name "Ms. Levington" when leaving a message for Brian C. Dawson.

11. Defendant John DOE V is an employee of Defendant NES who used the name "Linda" when leaving a message for Natalie J. Dawson.

12. Defendants NES and John Does I - V are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

13. Defendant NES is licensed as a "debt collector" in the State of Florida.

## III. **FACTUAL ALLEGATIONS**

14. Defendants sought to collect from Plaintiffs an alleged debt arising from tran1saction(s) presently held by Sallie Mae incurred by Plaintiffs for personal, family or household purposes.

15. Defendants NES and John Doe IV left the following message on Mr. Dawson's voice mail on or about the date stated :

July 17, 2009

Brian Dawson, this is Ms. Levington contacting you in reference to today July 17, 2009. I received a complaint filed in my office and it will be forwarded out by 12 noon. You need to contact me — Mrs. Levington – in reference to this legal matter of 800 - 204- 1819, direct extension 1021. Ms. Levington.

16. Defendant NES and Defendant John Doe V left the following message on Mrs. Dawson's voice mail on or about the date stated :

April 12, 2010

Natalie, this is Linda. I need you to return my call immediately to 800-498-1798. 800-498-1798 extension 1287.

(These messages along with any other telephone messages that Defendants left on other occasions within the 365 day period immediately preceding the date this Complaint was filed are hereinafter collectively referred to as the "telephone messages").

4

17. Defendants' telephone messages are "communications" as defined by 15 U.S.C. § 1692a(2). See <u>Berg v. Merchants Ass'n Collection Div., Inc.</u>, 586 F.Supp.2d 1336 (S.D.Fla. 2008).

18. In their telephone messages to Plaintiffs Defendants failed to meaningfully disclose the identify of Defendant NES or to state that the call was from a debt collector.

19. All telephone messages were left on behalf of Defendant NES and were were made within the scope of the employment and agency of Defendants John Does I-V.

20. Defendants John Does I-V created, approved, directed, supervised, and/or participated in Defendant NES's practice of leaving telephone messages.

## IV. CLASS ACTION ALLEGATIONS

21. This action is brought on behalf of a class defined as (i) all Florida residents for whom Defendants left a telephone message (ii) in which Defendants failed to meaningfully identify Defendant NES and/or to state that the call was from a debt collector (iii) in an attempt to collect a debt incurred for personal, family, or household purposes allegedly due Sallie Mae (iv) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

22. Plaintiffs allege on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

23. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. Whether Defendants are debt collectors.

    b. Whether Defendants' telephone messages violate the FDCPA.

24. The claims of Mr. and Mrs. Dawson are typical of those of the class members. All are based on the same facts and legal theories.

25. Mr. and Mrs. Dawson will fairly and adequately protect the interests of the class. They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

26. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

6

b       A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## V.  COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

27.    Plaintiffs incorporate the foregoing Paragraphs.

28.    .Defendants failed to meaningfully disclose in the telephone messages the identity of Defendant NES in violation of 15 U.S.C. §1692d(6). *Edwards v. Niagara Credit Solutions, Inc.*, 586 F.Supp.2d 1346, 1351-52 (N.D.Ga. 2008) *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009).

29.    Defendants failed to disclose in the telephone messages that the call was from a debt collector in violation of 15 U.S.C. §1692e(11). *Edwards v. Niagara Credit Solutions, Inc.*, 586 F.Supp.2d 1346, 1352-53 (N.D.Ga. 2008) *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009); *Drossin v. National Action Financial Services, Inc.*, 641 F.Supp.2d 1314, 1319-20 (S.D.Fla. 2009) and *Belin v. Litton Loan Servicing*, 2006 WL 1992410, *4-*5, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

WHEREFORE, Plaintiffs Brian C. Dawson and Natalie J. Dawson request that the Court enter judgment in favor of themselves and the class they seek to represent against Defendants National Enterprise Systems, Inc. and John Does I-V

for:

    A. Certification for this matter to proceed as a class action;

    B. Declaratory relief that Defendants' telephone messages violate the FDCPA;

    C. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

    D. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§169sk(a)(3); and

    E. Such other or further relief as the Court deems proper.

DATED : July 14, 2010.

*signature*

DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
Voice : (407) 648-9050
E.C.F. (Only) : depecf@cfl.rr.com
Email : petersen221@yahoo.com
F.B.N. 0776238

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

**ATTORNEYS FOR PLAINTIFFS**