## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 10-61140- CIV-UNGARO

RODOLFO CAPOTE,
on behalf of himself and all
others similarly situated,

        Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,

        Defendant.

_____/

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 11-20264-CIV-UNGARO

BRIAN C. DAWSON,
on behalf of himself and
all others similarly situated,

        Plaintiff,

v.

NATIONAL ENTERPRISE
SYSTEMS, INC. and JOHN
DOES I-V,

        Defendants.

_____/

### FINAL ORDER AND JUDGMENT

On July 2, 2010, plaintiff, Rodolfo Capote (hereinafter referred to as "Capote"),

filed the above-captioned class action lawsuit (hereinafter referred to as the "Capote

1

Lawsuit") against defendant, National Enterprise Systems, Inc. (hereinafter referred to as "NES"). Capote asserted class claims against NES under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

On July 14, 2010, plaintiffs, Brian C. Dawson (hereinafter referred to as "B.Dawson") and Natalie J. Dawson (hereinafter referred to as "N.Dawson"), filed a class action lawsuit in the Middle District of Florida, Case No 10-cv-1048, against NES also asserting class claims against NES under the FDCPA (hereinafter referred to as the "Dawson Lawsuit").

NES denies any and all liability alleged in the Lawsuits.

NES settled with Natalie J. Dawson individually, and her claims have been dismissed with prejudice.

On or about November 29, 2010, after extensive arms-length negotiations and discovery, Capote and B.Dawson (hereinafter referred to as "Plaintiffs" or "Class Representatives") and NES (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. On February 17, 2011, pursuant to the Agreement, B.Dawson and NES filed a joint motion to transfer the Dawson Lawsuit to the Southern District of Florida and consolidate the Dawson Lawsuit with the Capote Lawsuit. On June 23, 2011, the Court granted the Parties' motion to consolidate.

On February 17, 2011, the Parties filed the Agreement, along with their Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, on February 24, 2011 NES served written notice of the proposed class settlement on the appropriate federal and state officials.

On June 22, 2011, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Florida Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiffs Rodolfo Capote and Brian C. Dawson as the Class Representatives; (iv) appointed Donald A. Yarbrough, sole practitioner, Donald E. Petersen, sole practitioner, and attorney O. Randolph Bragg of the law firm HORWITZ, HORWITZ & ASSOCIATES, LTD. as Class Counsel; and (v) set the date and time of the Fairness Hearing.

On September 23, 2011, the Parties filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On September 30, 2011, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class

3

action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Florida Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

2.     The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

3.     CLASS MEMBERS – Pursuant to Fed. R. Civ. P. 23 (b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Florida Class Members") with respect to the claims asserted in the Lawsuit:

> All Florida residents for whom NES left a pre-recorded telephone message in which NES failed to disclose that the communication was from a debt collector or failed to make meaningful disclosure of its identity in an attempt to collect a debt incurred for personal, family or household purposes arising from an alleged debt due to Bank of America, Verizon Wireless, or Sallie Mae from July 2, 2009 through November 1, 2010.

4.     CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiffs Rodolfo Capote and

4

Brian C. Dawson as the Class Representatives, and Donald A. Yarbrough, sole practitioner, Donald E. Petersen, sole practitioner, and attorney O. Randolph Bragg of the law firm HORWITZ, HORWITZ & ASSOCIATES, LTD. as Class Counsel.

5.    NOTICES AND CLAIM FORMS – Pursuant to the Court's Preliminary Approval Order, the approved class action notices and claim forms were mailed to the Florida Class Members.  The form and method for notifying the Florida Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the proposed notices were clearly designed to advise the Florida Class Members of their rights.

6.    FINAL CLASS CERTIFICATION – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.    The Florida Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.    There are questions of law and fact common to the Florida Class Members, which predominate over any individual questions;

C.    The claims of the Plaintiffs are typical of the claims of the Florida Class Members;

D.    The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Florida Class Members; and

E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7.    The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Florida Class Members, especially in light of the benefits to the Florida Class Members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

8.    SETTLEMENT TERMS – The Agreement, which is attached hereto as Exhibit A and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Parties are hereby directed to perform the terms of the Agreement.

9.    OBJECTIONS AND EXCLUSIONS – The Florida Class Members were given an opportunity to object to the settlement. No Florida Class Member objected to the settlement. The 4 Florida Class Members who made valid and timely requests for

exclusion are excluded from the class and settlement and are not bound by this order. The identities of such persons are set forth in Exhibit B, attached hereto.

10.    This order is binding on all Florida Class Members, except those individuals identified in Exhibit B hereto, who validly and timely excluded themselves from the class.

11.    RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT – The Class Representatives, Florida Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims, except claims for attorney's fees, costs, and expenses, against any of the Released Parties, as set forth in the Agreement.  Pursuant to the release contained in the Agreement, the Released Claims, except claims for attorney's fees, costs, and expenses, are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order. The Parties agree, and the Court acknowledges, the Agreement and Release of Claims has no effect whatsoever on any potential Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, et seq., claims the putative class members may have against NES.

12.    Plaintiffs shall submit their motion for attorney's fees, costs, and expenses on or before Nov. 11, 2011.

13.    The Lawsuit is hereby dismissed with prejudice except for the determination of the amount of the costs, expenses and attorneys fees to be awarded.

7

14.    This order is not, and shall not be construed as, an admission by NES of

any liability or wrongdoing in this or in any other proceeding.

15.    The Court hereby retains continuing and exclusive jurisdiction over the

Parties and all matters relating to the Lawsuit and Agreement, including the

administration, interpretation, construction, effectuation, enforcement, and consummation

of the settlement and this order.

IT IS SO ORDERED.

DATED: Sept. 30, 2011

THE HONORABLE URSULA UNGARO
UNITED STATES DISTRICT COURT JUDGE

\\sfnfs02\prolawdocs\9651\9651-26302\Capote, Rodolfo\532335.doc

8